IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FASTVDO LLC,<br><br>        Plaintiff,<br><br>   v.<br><br>CAVIUM, INC.,<br><br>        Defendant. | Civil Action No.<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

Plaintiff FastVDO LLC ("FastVDO") alleges as follows:

## PARTIES

1.　　FastVDO is a Florida limited liability corporation with a principal place of business at 750 N. Atlantic Ave., Cocoa Beach, FL 32931.

2.　　On information and belief, Cavium, Inc. ("Cavium") is a Delaware corporation with a principal place of business at 2315 N. First Street, San Jose, CA 95131.

## JURISDICTION AND VENUE

3.　　This is an action for patent infringement arising under the patent laws of the United States of America, 35 U.S.C. § 1, *et seq.*, including § 271. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

4.　　This Court has personal jurisdiction over Cavium because, among other reasons, Cavium is incorporated under the laws of the State of Delaware, and Cavium has conducted and continues to conduct regular and ongoing business in Delaware. Additionally, on information and belief, Cavium has committed and continues to commit acts of direct and indirect infringement in this District by making, using, importing, offering for sale, and/or selling infringing products, and inducing others to perform method steps claimed by FastVDO's patent in Delaware.

5. Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(c) and 1400(b) because, among other reasons, Cavium is incorporated under the laws of the State of Delaware, and Cavium has conducted and continues to conduct regular and ongoing business in Delaware. Additionally, on information and belief, Cavium has committed and continues to commit acts of direct and indirect infringement in this District by making, using, importing, offering for sale, and/or selling infringing products, and inducing others to perform method steps claimed by FastVDO's patent in Delaware.

## COUNT I

### (Infringement of U.S. Patent No. RE 40,081)

6. FastVDO is the owner by assignment and merger of United States Patent No. RE 40,081 ("the '081 patent"), entitled "Fast Signal Transforms With Lifting Steps."  The '081 patent reissued on February 19, 2008, based on an initial application filed December 16, 1998.  A true and correct copy of the '081 patent is attached hereto as Exhibit A.  The '081 patent enables digital video compression through the coding and decoding of blocks of digital image intensities with a block coder and transform coder that utilizes an invertible linear transform having a +/-1 butterfly step, a lifting step, and a scaling factor.   International Telecommunications Union – Telecommunication Standardization Sector (ITU-T) H.264 (also known as MPEG-4 Part 10, Audio Video Coding or AVC) (herein "H.264" or "MPEG-4 AVC") is a video compression standard that performs digital image compression by coding and decoding blocks of digital image intensities with a block coder and with a transform coder that includes an invertible linear transform, which is representable as a cascade using at least one +/-1 butterfly step, at least one lifting step, and at least one scaling factor.  The FastVDO patent is essential to the H.264 standard, and it was properly identified to the International Telecommunications Union on May 14, 2003, before the promulgation of the H.264 standard in March 2005.

7. On information and belief, in violation of one or more provisions of 35 U.S.C. § 271, Cavium has infringed one or more claims of the '081 patent by making, using, importing, selling, or offering to sell video processors and software that use H.264 to code and/or decode

video, including, but not limited to, the PureVu® Video Processor Family.  Additionally, Cavium has had knowledge of the '081 patent since at least November 8, 2012,[1] or alternatively since being served with this complaint, and Cavium has induced others, such as its customers and/or consumers of H.264 compressed content produced by its customers, to code and/or decode digital images with H.264 and practice the method steps of the '081 patent with its marketing materials, advertising materials, manuals and customer support services since at least this time.  For example, Cavium explains in the marketing materials available on its website that the PureVu® CNW5621 "is a full HD H.264 video co-processor, specifically designed to enable wireless display capability on PCs, notebook PCs and netbooks.  It combines up to 1920x1200p60 H.264 compression capability with HDCP 2.0 content protection in a highly integrated MCM package (including DDR2 video memory), making it the ideal solution for laptop Display Minicard (DMC) form factor."  *See* PureVu® CNW5621 Product Brief at 1.[2]  The PureVu® CNW5621 "FEATURES" an "H.264 Baseline Profile encoder."  *Id.* at 2.  Cavium illustrates its PureVu® processors converting raw video from the graphics processor unit to H.264 compressed video and the CPU transmitting the compressed video to a WiFi network for decoding so that it can be viewed:

---

[1] *See* Exhibit B.
[2] Available at http://www.cavium.com/pdfFiles/CNW5621_PB_Rev1.pdf?x=2 (attached hereto as Exhibit C).



*Id.* at 1. This representative marketing material exemplifies how Cavium induces its customers to use its accused products to code and/or decode video with H.264, and/or code video with H.264 and transmit compressed video to others for decoding and viewing to perform the method steps of the '081 patent (e.g., coding and decoding blocks of digital image intensities with a block coder and transform coder that utilizes an invertible linear transform having a +/- butterfly step, a lifting step, and a scaling factor). By continuing the representative aforementioned activities with knowledge of the '081 patent and its essentiality to the H.264 standard, Cavium has known, or should have known, that it was inducing infringement by causing the method steps of the '081 patent to be performed.

## **PRAYER FOR RELIEF**

FastVDO prays for the following relief:

1. A judgment that Cavium has directly infringed (either literally or under the doctrine of equivalents) one or more claims of the '081 patent;

2. A judgment that Cavium has induced the infringement of one or more claims of the '081 patent;

3. A permanent injunction enjoining Cavium and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with them, from infringing each of the '081 patent;

4. An award of damages resulting from Cavium's acts of infringement in accordance with 35 U.S.C. § 284;

5. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to FastVDO its reasonable attorneys' fees;

6. A judgment and order requiring Cavium to provide an accounting and to pay supplemental damages to FastVDO, including without limitation, pre-judgment and post-judgment interest; and

7. Any and all other relief to which FastVDO may show itself to be entitled.

## **DEMAND FOR JURY TRIAL**

FastVDO demands a trial by jury on all issues so triable.

| | |
|---|---|
| Dated: November 9, 2012 | FARNAN LLP |
| | /s/ Brian E. Farnan |
| | Joseph J. Farnan, III (Bar No. 3945) |
| | Brian E. Farnan (Bar No. 4089) |
| | 919 North Market Street, 12th Floor |
| | Wilmington, DE 19801 |
| | (302) 777-0300 |
| | bfarnan@farnanlaw.com |
| | |
| | *Attorneys for Plaintiff* |
| | *FastVDO, LLC* |

Of Counsel:

Alexander C.D. Giza
Marc A. Fenster
Kevin P. Burke
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA  90025-1031
(310) 826-7474
agiza@raklaw.com
mfenster@raklaw.com
kburke@raklaw.com